IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEILA TOTH, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 3:22-cv-00996 |
| JEFFREY B. OPPENHEIM, | |
| Defendant. | **JURY TRIAL DEMANDED** |

BRIEF IN SUPPORT OF MOTION IN LIMINE
REGARDING VIDEO EVIDENCE

I.   INTRODUCTION

A video depicting the accident giving rise to this suit will serve no admissible or relevant purpose at trial. Negligence is not being contested, and the only issue for the jury is the amount of Plaintiff's recoverable damages. The video evidence should therefore be excluded.

II.   FACTUAL BACKGROUND

The motor vehicle-pedestrian accident giving rise to this suit occurred on or about March 30, 2022. Compl. ¶ 5. Plaintiff alleges that she was walking across East Beaver Avenue in State College, Pennsylvania when she was struck by a motor vehicle being operated by Defendant. Compl. ¶¶ 5, 6, 9. Plaintiff alleges that she sustained injuries in the accident, primarily to her right ankle. Compl. ¶ 12. She has filed this action against Defendant, demanding damages.

It is anticipated that, at the time of trial, Plaintiff will attempt to offer into evidence a video of the subject accident taken from what appears to be a security camera from a local business. As liability is not in dispute, the video evidence is unnecessary and highly prejudicial to Defendant. The video should therefore be excluded.

**III.    STANDARD OF REVIEW**

For evidence to be admissible at trial, it must be relevant. F.R.E. 402. Evidence is relevant if it has any tendency to make the existence of any material fact more or less probable than it would be without the evidence. F.R.E. 401. However, even relevant evidence may be excluded to the extent it is prejudicial, misleading, confusing, or distracting to a jury. F.R.E. 403. Trial courts are granted discretion in ruling on Motions in Limine. *See Newton v. Pennsylvania State Police*, No. 18-1639, 2021 WL 4596434 at * 1 (W.D.Pa. Oct. 6, 2021).

**IV.    ARGUMENT**

In this matter, Defendant is not contesting the issue of negligence. The only question for the jury to decide at trial will be the proper amount of recoverable damages to which Plaintiff is entitled. Plaintiff has produced expert reports and evidence of medical expenses that will be used to attempt to establish her recoverable damages. A video depiction of the happening of the accident is irrelevant to the issue of damages, and would otherwise greatly prejudice Defendant if shown to the jury. Further, the video in question only shows a small fraction of the initial impact. Once Plaintiff lands on the ground, she and the front half of Defendant's vehicle are totally obscured by bushes and by the angle of the security camera on the building. As such, the video has very little probative value, if any, regardless. The only purpose the video would serve would be to mislead and inflame the jury, and would be a waste of time at trial, which are grounds for exclusion under the Rules of Evidence. It should therefore be excluded. *See* F.R.E. 403.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant his Motion in Limine and enter the attached Order of Court.

Respectfully submitted,

ROBB LEONARD MULVIHILL LLP

_____
Mark A. Martini, Esquire
*Attorney for Defendant, Jeffrey B. Oppenheim*

{R1537356.1 }