**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

LEILA TOTH,

               Plaintiff,

    v.

JEFFREY B. OPPENHEIM,

               Defendant.

CIVIL ACTION NO. 3:22-CV-996

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court are three motions *in limine* filed by Defendant Jeffrey P. Oppenheim ("Oppenheim") in anticipation of trial. (Doc. 31; Doc. 32; Doc. 33). Oppenheim's first motion *in limine* seeks prelusion of evidence of Plaintiff Leila Toth ("Toth")'s psychological injuries under Federal Rule of Evidence 702. (Doc. 31; Doc. 34). Oppenheim's second motion *in limine* seeks to preclude video evidence of the subject accident pursuant to Federal Rule of Evidence 403. (Doc. 32; Doc. 36). Oppenheim's third motion *in limine* seeks to preclude Toth from offering evidence of a lien of bills being asserted by her health insurance carrier, Capital BlueCross ("BlueCross"), that it allegedly paid on her behalf. (Doc. 33). As to Oppenheim's first motion to preclude Dr. Miles from testifying regarding negative psychological injuries sustained by Toth as a result of the March 30, 2022 accident, Toth represents that she will not present any evidence regarding this issue, and as such, the Court will DENY this motion (Doc. 31) as moot. For the following reasons, Oppenheim's remaining motions *in limine* will be **GRANTED** (Doc. 32; Doc. 33).

1. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Leila Toth ("Toth") initiated this action on June 22, 2022, with the filing of a Complaint on June 22, 2022, against Defendants Darrin and Jeffrey Oppenheim. (Doc. 1). On September 7, 2022, the parties stipulated to the dismissal of any and all claims against Darrin Oppenheim, and the Court approved the dismissal on September 8, 2022, terminating Darrin Oppenheim from the action. (Doc. 6). On September 9, 2022, Oppenheim filed an Answer with affirmative defenses to the Complaint. (Doc. 9).

Toth's Complaint stems from a motor vehicle collision that occurred on March 30, 2022, when Oppenheim's vehicle struck Toth while she was walking in a crosswalk. (Doc. 1, at 2). Toth alleges that Oppenheim was obligated to stop at a stop sign and yield the right of way while Toth was crossing the street. (Doc. 1, ¶¶ 7-8). Instead, "Jeffrey proceeded to turn onto East Beaver Avenue and str[ike] [Toth] who was walking in the cross-walk." (Doc. 1, ¶ 98). Toth alleges that as a result she suffers from "serious and permanent injuries and damages," as well as embarrassment, humiliation and a loss of earnings and enjoyments. (Doc. 1, at ¶¶ 13-19). Toth avers that as a result off the aforesaid injuries, she "has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future." (Doc. 1, at ¶ 19).

Oppenheim filed the motions *in limine* on March 4, 2024, along with briefs in support. (Doc. 31; Doc. 32; Doc. 33). On March 18, 2024, Toth filed briefs in oppositions to the motions *in limine* and accompanying affidavits. (Doc. 39; Doc. 40; Doc. 41; Doc. 42; Doc. 43). On March 22, 2024, Oppenheim filed reply briefs to the motions *in limine*. (Doc. 47; Doc. 48). On March 25, 2024, a Final Pretrial Conference was held. The Court has scheduled a

jury trial in this matter to begin on Monday, April 29, 2024, at 9:30 AM in Scranton, Pennsylvania. (Doc. 29).

## 2. STANDARD OF REVIEW

The court is vested with broad inherent authority to manage its cases, which carries with it the discretion to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (noting that the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). In considering motions *in limine*, which call upon the court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, the Court begins by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2016 WL 454817, at *2 (M.D. Pa. Feb. 5, 2016) (citing *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted)); *see Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion).

The Federal Rules of Evidence can be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. *Ely*, 2016 WL 454817, at \*3. The grounds for exclusion of evidence are described as an exception to the general rule favoring admission of relevant evidence, and by permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, the Court's discretion in considering evidentiary rulings should consistently be exercised in a fashion which resolves all doubts in favor of the admission of relevant proof in a proceeding. Only where the relevance of that proof is substantially outweighed by some other factors, should admission be denied. *Ely*, 2016 WL 454817, at \*3. Evidence is "relevant" if its existence simply has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b).

However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. The balancing test under Rule 403 provides as follows:

> [t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

 Fed. R. Evid. 403.

In general, the Federal Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact. Fed. R. Evid. 402.

3. **DISCUSSION**

    A. MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF VIDEO FOOTAGE

Oppenheim seeks to preclude video evidence of the accident as irrelevant and prejudicial. (Doc. 32). Specifically, Oppenheim argues that a video depiction of the accident is irrelevant to the issue of damages and that its prejudicial effect outweighs any probative value. (Doc. 36, at 2). In opposition, Toth argues that contrary to Oppenheim's assertion, the parties have not stipulated to the issue of negligence and therefore, Toth has the legal obligation of establishing liability for the accident. (Doc. 43, at 2-3). Toth further avers that the video is relevant to establishing breach, causation, and damages. (Doc. 42, at 3-4; Doc. 41). In her final pretrial memorandum, Toth notes that the Defendant has stipulated to liability and Defendant's witnesses do not dispute the causation of Plaintiff's injuries, and further, that the sole issue for trial is the amount of Plaintiff's damages. (Doc. 57, at 1-2).

As set forth above, the Federal Rules of Evidence generally provide that relevant evidence is admissible at trial "if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 402. However, relevant evidence may be precluded at trial if its probative value is outweighed by the danger of unfair prejudice, potential to mislead the jury, the danger of needlessly presenting cumulative evidence, prospective to confuse the issues or the possibility of undue delay or waste of time. Fed. R. Evid. 403.

After reviewing the parties' arguments, the Court agrees with Oppenheim. As Oppenheim notes in his reply brief, Toth concedes that Oppenheim admits that he was

negligent in striking Toth.[1] (Doc. 38, at 2). Therefore, the only issue to be decided at trial is the nature and extent of Toth's damages. Given that the video has little probative value to the remaining issue in the case and the great potential to prejudice the jury against Toth, Oppenheim's motion *in limine* is **GRANTED**.

    B.  MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF LIEN

Finally, Oppenheim seeks to preclude evidence of a lien of bills from BlueCross as prejudicial and irrelevant, and constituting impermissible hearsay under Fed. R. Evid. 801. (Doc. 33; Doc. 35). In opposition, Toth argues that she is entitled to introduce and prove any and all medical expenses related to the March 30, 2022, collision and that evidence produced by both parties establishes that the medical expenses covered by the lien are related to the March 30, 2022, collision.[2] Toth also argues that the lien ledger falls into the business records exception to hearsay under Fed. R. Evid. 803(6). In response, Oppenheim concedes that evidence of medical bills paid by Plaintiffs' health insurer are admissible as evidence of recoverable damages, however, there is "no legal precedent (including the cases cited by Plaintiff) which allows a Plaintiff to offer evidence of a 'lien.'" (Doc. 48, at 1). The Court agrees with Oppenheim and finds that evidence of the lien and lien ledger is not relevant to

---

[1] Counsel for Oppenheim also provided during the final pre-trial conference held on March 25, 2024, that Toth's injuries are not in dispute and the medical experts agree as to future treatment.

[2] Toth cites *Klinefelter v. Faultersak*, 31 F. Supp. 2d 457, 459 (E.D. Pa. 1998), for the proposition that Courts have allowed recovery of ERISA liens in motor vehicle accidents. (Doc. 40, at 3-4) In *Klinefelter*, the court held that *medical bills* arising out of a motor vehicle accident in Pennsylvania that were paid or payable by the ERISA plan or Medicare are not limited by 75 Pa.C.S. § 1797(a) and were therefore, admissible at trial. *Klinefelter*, 31 F. Supp. 2d at 459. Here, Oppenheim does not dispute that Plaintiff's medical bills may be admissible. (Doc. 48, at 1).

the issues to be determined at the upcoming trial. See *Surman v. Payne*, 2023 WL 2716224, at

*3 (W.D. Pa. 2023). Accordingly, Oppenheim's motion *in limine* is **GRANTED**.

**4.** CONCLUSION

       For the foregoing reasons, Oppenheim's motions *in limine* (Doc. 32; Doc. 33) are

**GRANTED**. This ruling is without prejudice to the Court revisiting these issues should

evidence or circumstances at trial change.

       An appropriate Order follows.

                     **BY THE COURT:**

**Dated: April 24, 2024**               *s/ Karoline Mehalchick*

                            **KAROLINE MEHALCHICK**
                            **United States District Judge**